**IN THE COURT OF APPEALS OF IOWA**

No. 15-0375
Filed May 6, 2015

**IN THE INTEREST OF J.C., J.C., AND C.C.,**
**Minor Children,**

**C.C., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Mark Fowler, District Associate Judge.

　　　A mother appeals the termination of her parental rights to her three children. **AFFIRMED.**

　　　Timothy J. Tupper, Davenport, for appellant mother.

　　　Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

　　　Rebecca Ruggero, Bettendorf, attorney and guardian ad litem for minor children.

　　　Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A mother appeals the termination of her parental rights to her three children, born in 2003, 2006, and 2012. She does not challenge the statutory grounds for termination. She simply seeks "additional time for reunification" or the creation of a guardianship in lieu of termination. *See* Iowa Code §§ 232.104(2)(b), .116(3)(a) (2013). On our de novo review, we agree with the district court that neither option is warranted.

The mother has a criminal history and a history of substance abuse. Her youngest child was born with signs of drug withdrawal.

All three children were removed from the parents' care in March 2013 and were placed with the mother's sister after a short stay elsewhere. The children remained out of the mother's care through the termination hearing in January 2015. During that period, the mother was in and out of jail and continued to abuse drugs.

The mother did not participate in the termination hearing. At the time of the hearing, she had been in jail for three months on a charge of possession of a controlled substance. A hearing to revoke her probation was scheduled for a later date and a jail-based drug treatment program was slated to continue for at least a month after the termination hearing.

Although the mother acted appropriately during supervised visits, she showed no signs of eschewing drugs despite years of State-sponsored services. In short, her prognosis for reunification with her children was dim. Accordingly, a six-month extension of time or the creation of a guardianship with her sister would have served no useful purpose.

We affirm the termination of the mother's parental rights to her three children.

**AFFIRMED.**